IKUTA, Circuit Judge,
dissenting:
At oral argument, the government agreed to mediation only if the panel determined that Bona v. Gonzales, 425 F.3d 663 (9th Cir.2005), impacted this ease. The panel now submits this case to mediation without explaining why Bona is relevant. Because in my view the change in the law affected by Bona has no impact on Leppind’s case, I dissent from the order referring this case to mediation.
I
In Bona, an arriving alien in a removal proceeding attempted to file a new application for adjustment of status with the immigration judge (IJ).[1] (The application filed by the petitioner before she was put in removal proceedings had been denied.) The IJ held that 8 C.F.R. § 245.1(c)(8) precluded him from considering the petitioner’s application. That regulation stated, in pertinent part:
(c) Ineligible aliens. The following categories of aliens are ineligible to apply for adjustment of status to that of a lawful permanent resident alien under section 245 of the Act:
(8) Any arriving alien who is in removal proceedings....
8 C.F.R. § 245.1 (2005). The petitioner challenged this regulation as conflicting with 8 U.S.C. § 1255(a), which provides *864 that “[t]he status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe .... ” We agreed. Noting that 8 C.F.R. § 245.1 precluded the class of arriving aliens from applying for adjustment of status in any form, including by a direct application to a U.S. Citizenship and Immigration Services (USCIS) district director, we held:
[I]t is this aspect of section 245.1(c)(8) which proves fatal. By entirely excluding a category of aliens from the ability to apply for adjustment, who by statute are eligible to apply for such relief, the regulation goes beyond simply regulating the manner in which such applications shall be made or the discretionary decision to grant such relief. Rather, the regulation strips statutory eligibility for such relief in any form, from this entire category of aliens once they are placed in removal proceedings.
Bona, 425 F.3d at 670. In light of this fatal flaw, we struck down § 245.1 as conflicting with 8 U.S.C. § 1255(a).[2] Because the petitioner had been precluded from filing an application for adjustment of status, we granted her petition for review and remanded her case to the BIA for further proceedings. Id. at 670-71.
II
Bona has no applicability here, because Leppind was not deprived of the ability to file an application for adjustment of status. While in the United States on an expired visa, Leppind married a U.S. citizen and then filed an adjustment of status application with the USCIS. While this application was pending, Leppind traveled to Mexico, but was stopped at the border when he attempted to reenter the United States. On his third attempt to reenter the United States, Leppind approached a border patrol agent and stated “citizen.” Leppind was subsequently put into removal proceedings.
Unlike the alien in Bona, Leppind’s adjustment of status application was pending throughout Leppind’s removal and asylum proceedings. The IJ granted three continuances of Leppind’s removal hearing in part to allow the Service further time to adjudicate the adjustment of status application. After 13 months, with the government continuing to delay in processing Leppind’s application, the IJ finally decided to proceed with the removal and asylum hearing, ultimately concluding that Leppind was removable and not entitled to relief.
The IJ did not have the benefit of Bona in deciding Leppind’s case; that decision was issued while Leppind’s petition for review was pending before us. However, even if Bona had been decided before the IJ ruled, there is no basis for concluding that Bona’s invalidation of § 245.1 would have affected the IJ’s decision. First, and most obviously, Bona invalidated a regulation that precluded an arriving alien in a removal proceeding from applying for adjustment of status. However, Leppind was not precluded from applying for adjustment of status; rather, Leppind’s adjustment of status application was pending before, during and after his hearing before the IJ. On the facts of this case, Leppind simply is not among the group of arriving aliens in removal proceedings who found themselves stripped of “statutory eligibility for such relief in any form,.” Bona, 425 F.3d at 670. Moreover, there is no hint in *865 the record that Leppind’s adjustment of status application was affected by the existence of the invalidated regulation. Rather, the Service indicated that its disinclination to grant Leppind adjustment of status was based on its conclusion that Leppind had made a false claim of citizenship.
Nor do the IJ’s statements that he lacked jurisdiction over Leppind’s pending application require a different conclusion. Had Leppind been placed in removal proceedings after Bona invalidated § 245.1, the IJ would still lack jurisdiction over his adjustment application. See 8 C.F.R. § 245.2(a)(1) (2007) (providing that US-CIS, not the IJ, has jurisdiction to adjudicate an application for adjustment of status filed by an alien, except for situations not applicable here); see also Brito v. Mukasey, 521 F.3d 160 (2d Cir.2008). Nothing in Bona suggests that requiring an alien to file an adjustment of status application with the district director rather than with the immigration judge is problematic or conflicts with a statute. See 425 F.3d at 670.
The evil remedied by Bona was the deprivation of any avenue for review of an application for adjustment of status. Because Leppind had filed his application before being placed in removal proceedings, he was not subject to that evil and thus is not entitled to any relief flowing from our decision in Bona. Presumably, the reason Leppind failed to raise any argument under Bona until requested to do so by the majority is because Bona is inapplicable to Leppind’s case.
Turning to the two issues actually raised by Leppind in his opening brief, namely whether the IJ and BIA erred in denying him asylum and withholding of removal relief, I would deny the petition. Substantial evidence supports the agency’s determination that Leppind has failed to establish eligibility for asylum and withholding of removal. See Singh v. Gonzales, 491 F.3d 1019,1023 (9th Cir.2007).

. 8 C.F.R. § l.l(q) defines "arriving alien” as "an applicant for admission coming or attempting to come into the United States at a port-of-entiy____"

. Subsequently, the Attorney General amended the regulation. See Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed.Reg. 27,585, 27,586 (May 12, 2006).